UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **COTTON COMMERCIAL U S A INC** | **CASE NO.  2:21-CV-01856** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **OAK HAVEN MANAGEMENT L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Temporary Restraining Order" and a "Motion for Preliminary Injunction" [Doc. 29], filed by Plaintiff Cotton Commercial USA, Inc. Defendants Oak Haven Management, LLC; Golden age of Welsh, LLC; JKJ OPCO, LLC; and JKJ REALCO, LLC oppose this motion [Doc. 32]. Accordingly, the matter is deemed fully briefed and ready for ruling.

## BACKGROUND

Cotton Commercial USA, Inc ("Cotton") restores commercial properties impacted by storms and other damaging events. Doc. 29-2 *Declaration of Micah McQueen.* The instant lawsuit is a dispute under five construction contracts whereby Cotton agreed to perform remediation work at two facilities, Gardens Assisted Living/Guardian House ("Gardens & Guardian") and Golden Age of Welsh ("Golden Age").

Defendants assert that Cotton's work was substandard and that its invoiced amounts were grossly in excess of initially agreed-upon amounts. Doc. 32 *Opposition to Motion for*

*Temporary Restraining Order and Preliminary Injunction.* The provision relied upon by Cotton for its Temporary Restraining Order/Injunction is section 3.4 of the contracts[1]:

> Section 3.4 Insurance Coverage. So long as any Invoices remain unpaid by Company, **all payments made or to be made by Insurance Carrier** to company in connection with the work must be made payable by check or checks jointly payable to Owner and Cotton. Upon issuance of a check by Insurance Carrier to Company, Company shall promptly endorse and deliver the same to Cotton. Company acknowledges and agrees that the foregoing is a continuing agreement applicable to the work, the invoices into any subsequent billing related to this Project. Company's failure to comply with this Section 3.4 shall be material breach of this RSA. Nothing herein, however, shall alter or impair Company's legal responsibility to pay the Contract Price.

## LAW AND ANALYSIS

a.  *Applicable Law*

Federal Rule of Civil Procedure 65 allows for the entry of a temporary restraining order or preliminary injunction. The Fifth Circuit has set forth the requirements that must be shown before a party will be entitled to preliminary injunctive relief:

(1) A substantial likelihood that plaintiff will prevail on the merits;
(2) A substantial threat that irreparable injury will result if the injunction is not granted;
(3) That the threatened injury outweighs the threatened harm to defendant; and
(4) That granting the preliminary injunction will not disserve the public interest.

The mover bears the burden of persuasion of each of the four requirements. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.). A preliminary injunction is an extraordinary remedy. *Id.* It should only be granted if the movant has clearly carried the burden of persuasion on all four prerequisites. Where the movant seeks

---

[1] Cotton has five contracts which it alleges entitle it to be listed on any payments issued. The provisions of those contracts are functionally identical for purposes of this Motion.

to alter the status quo as opposed to preserve it, a preliminary injunction is "particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Pham v. Univ. of Louisiana at Monroe*, 194 F. Supp. 3d 534, 543 (W.D. La. 2016).

  b. Analysis

  i.   *Substantial likelihood that plaintiff will prevail on the merits*

Cotton argues that Section 3.4 of the contracts say that "[s]o long as any Invoices remain unpaid" by the defendants, they must (1) instruct their insurer to make Cotton a joint payee on all insurance payments made in connection with Cotton's work and (2) turn those checks over to Cotton. Doc. 36. Cotton argues that to obtain injunctive relief, Cotton need only make a *prima facie* case that it is entitled to recover some additional payment for its work. *Id.*

Defendants argue that Cotton is not able to meet the burden of proving a substantial likelihood that Cotton will prevail on the merits. Defendants assert that the contracts do not assign any of Defendants' rights to insurance proceeds to cotton, and furthermore that Cotton has made no argument in this regard. Doc. 32.

Defendants argue that Cotton relies on Section 3.4 of the contracts which use "Insurance Carrier" as a defined term. Defendants argue the first page of each Contract, titled Summary of Contract Provisions, states that "certain fundamental terms ... to which this summary is attached and made a part hereof are set forth below for convenience of reference." The term "Insurance Carrier" is included in this listing of defined terms. *Id.* None of the contracts identify Starr as the "Insurance Carrier." Two identify Hub International, Inc., two are left blank, and the last is marked "N/A." Defendants assert that

there is no unequivocal contractual obligation for Oak Haven Defendants to have Cotton listed as a loss payee on its payments issued by Starr. *Id.*

Defendants argue that the language of the contracts is unambiguous – Cotton is not required to be listed on any payments issued by Starr. Defendants further argue that even assuming an ambiguity, all of these contracts are form contracts drafted and prepared by Cotton and bear its logo. At a minimum, the language is ambiguous and, as the furnisher of the text of the contract, it must be construed against Cotton pursuant to La. C.C. art. 2056.

The Court agrees and Cotton's argument fails as a matter of law.

ii.     *Irreparable injury*

Cotton agues that it will face irreparable injury because the contracts give Cotton a right to the funds and the defendants have used the funds they were paid for other purposes. Doc. 36. Cotton asserts that the irreparable injury is that if the money does not come from insurance proceeds, Cotton will never be paid in full. *Id.* Cotton cites to the fact that Defendants have received more insurance payments since the mediation and the defendants have still not paid Cotton.

Defendants argue that cases have interpreted "irreparable injury" to exist only if it cannot be undone through monetary remedies. *W. Sur. Co. v. PASI of LA, Inc.*, 334 F. Supp. 3d 764, 791 (M.D. La. 2018). Defendants further assert that the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Dennis Melancon, Inc. v. City of New Orleans*, 703 F. 3d 262, 279 (5th Cir. 2012).

In the instant case, the entirety of Cotton's claims is for monetary amounts that Cotton claims it is owed under the contract and, by Cotton's own admission, there are interest provisions built into the contract. Accordingly, the Court finds that there is no basis for Cotton to claim irreparable harm due to a failure to be listed on a check for insurance proceeds.

iii.    *Does the threatened injury outweigh the threatened harm?*

Defendants argues that there is no "irreparable harm" in this case and that inversely, there is a risk of harm to Defendants if their insurance monies are tied up in Court proceedings for the foreseeable future.

The Court agrees and finds that Cotton has not met its burden of proving that the threatened injury outweighs the threatened harm in this instance.

iv.    *Public Interest*

Cotton makes no argument about public interest, but asserts that this case is about whether a private business must honor its contractual obligations or if it can received money from an insurer and choose not to pay its contractual obligations.

Defendants argue that enacting a restraining order and injunction for this case would not only adversely impact Defendants, but it would also set a precedent that would preclude insureds from moving on with their recovery from Hurricane Laura. Defendants further assert that this dispute can be litigated to conclusion, and to the extent that Cotton is so entitled, Cotton can obtain a money judgment and execute that judgment like every other litigant who comes before the Court.

The Court agrees with Defendants and finds that the granting of a temporary restraining order or preliminary injunction would disserve public interest.

Accordingly,

**IT IS ORDERED** that the "Motion for Temporary Restraining Order" and a "Motion for Preliminary Injunction" [Doc. 29], are hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 25th day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**